NYSA–ILA MEDICAL & CLINICAL SERVICES FUND, by and through its trustees, James A. Capo, M. Brian Maher, Richard F. Gronda, David J. Tolan, Ole A. Sweedlund, John Bowers, Albert Cernadas, Frank Lonardo, and Gerald Owens, Plaintiff,

v.

Sabato (a/k/a Sal) CATUCCI, Kevin Catucci, Ronald Catucci, and Keith Catucci, Defendants.

No. 96 CIV. 477(CBM).

United States District Court, S.D. New York.

Jan. 18, 2000.

Elizabeth Alexander, Gleason & Mathews, Ann Marie Flynn, Lambos & Junge, New York City, for Plaintiff.

Garett W. Stewart, New York City, for Defendants.

## MEMORANDUM OPINION

MOTLEY, District Judge.

### I. BACKGROUND

Plaintiff NYSA–ILA Medical & Clinical Services Fund ("Fund") provides funding for medical clinics as a multiemployer benefit plan within the meaning of the Employee Retirement Income Security Act ("ERISA"), §§ 3(3), 3(37), 4, 29 U.S.C. §§ 1002(3), 1002(37), 1003. The Fund is a jointly administered labor-management trust fund established in collective bargaining agreements between the New York Shipping Association, Inc. ("NYSA") and the International Longshoremen's Association, AFL–CIO ("ILA") in accordance with the Labor Management Relations

Act, § 302(c)(5), 29 U.S.C. § 186(c)(5). Salco Trucking Corporation ("Salco") is a bankrupt trucking company which wrongfully withheld payments to the fund. Sabato Catucci, the only remaining defendant in this action, controlled Salco.

Plaintiff initiated the present action in 1996, seeking to hold the individual defendants personally liable for the delinquent contributions which Salco should have paid to the fund between 1984 and 1987. By previous ruling of this court, it has been established that Sabato Catucci is liable under Count II of the complaint for breach of fiduciary duties to the fund. *See generally NYSA–ILA v. Catucci*, 60 F.Supp.2d 194 (S.D.N.Y.1999)(holding on summary judgment that Sabato Catucci was liable for breach of fiduciary duty). The present action represents the second litigation regarding these delinquent employer contributions. The fund first sought payment from Salco in a prior proceeding, *NYSA–ILA Medical & Clinical Services Fund v. Salco Trucking Corp.*, 90 Civ. 5949, before Judge Charles S. Haight. On July 17, 1995 Judge Haight ordered Salco to pay the overdue fund contributions as well as the legal fees plaintiff incurred in pursuing that litigation.

## II. DAMAGES

As liability for Sabato Catucci's breach of fiduciary duty was previously established, the sole task presently before this court is to determine the magnitude of damages resulting from this breach. On December 1, 1999 this court held an inquest to allow both sides the opportunity to present evidence as to the amount of damages. The damages involve the original delinquent employer contributions to the fund plus interest thereon, attorney's fees awarded by Judge Haight in 1995 plus interest thereon, and attorney's fees in the present litigation.

◼ Judge Haight's 1995 ruling in *NYSA–ILA Medical & Clinical Services Fund v. Salco Trucking Corp.*, 90 Civ. 5949, leaves no doubt that Salco owed plaintiff $22,529.40 in delinquent contributions and $64,498.73 in attorney's fees at that time. As discussed above, a prior ruling of this court established that Sabato Catucci breached his fiduciary duties to the fund. This breach of duty caused the fund to suffer the damages found by Judge Haight. Sabato Catucci is thus personally liable to the fund for the relevant $22,529.40 delinquency and $64,498.73 attorney's fees. The original delinquent employer contributions have been due and owing to the fund since 1984. The attorney's fees from the prior action have been owing to the fund since 1995. In light of the long delay which Sabato Catucci's intransigence has caused, the court now elects to exercise its discretion to order annually-compounded pre-judgment interest on the above sums. Such interest calculated at the federal short term percentage rate plus three percentage points amounts to $53,864.10 and $26,567.40 respectively.

◼ The court now evaluates plaintiff's request to recover attorney's fees incurred in the present action.

An application for attorney's fees in an ERISA case is governed by 29 U.S.C. § 1132(g)(1). Ordinarily, the decision is based on five factors: (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

*Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d. Cir. 1987). In applying this five factor test the court deems it appropriate to order Sabato Catucci to pay plaintiff's attorney's fees for this action. Sabato Catucci's breaches of fiduciary duty demonstrate both culpability and bad faith. Sabato Catucci's ability

to satisfy an award of attorney's fees has never been in dispute. An award of fees would certainly deter other entities from failing to appropriately contribute to such funds, especially in cases such as this when the costs of litigation far exceed the value of the delinquent contributions. As plaintiff has prevailed in showing Salco's delinquency and Sabato Catucci's liability therefor, the merits of plaintiff's position are superior to the merits of Sabato Catucci's position. The recovery of attorney's fees will be paid to the plaintiff fund which provides funding for health care services, thereby conferring a common benefit on a group of pension plan participants. The evidence presented demonstrates that plaintiff incurred $136,731.87 in attorney's fees in the present case. As all five factors of the *Chambless* test are satisfied, the court exercises its discretion to order Sabato Catucci to pay plaintiff's attorney's fees in the amount of $136,731.87.

## III CONCLUSION

The damages for which Sabato Catucci shall reimburse the fund are:

1. Delinquent employer contributions to the NYSA–ILA Medical & Clinical Services Fund in the amount of $22,-529.40.

2. Attorney's Fees

   a. Attorney's fees awarded to NYSA–ILA Medical & Clinical Services Fund by order of Judge Charles S. Haight on July 17, 1995 in the matter of *NYSA–ILA Medical & Clinical Services Fund v. Salco Trucking Corp.*, 90 Civ. 5949 in the amount of $64,498.73.

   b. Documented attorney's fees incurred by plaintiff in the present action in the amount of $136,731.87.

3. Interest on above sums from line 1 and line 2a shall be due based on the federal short term rate plus three percentage points and shall be compounded annually.

   a. Interest on delinquent employer contributions to the NYSA–ILA Medical & Clinical Services Fund (principal amount from line 1) compounded annually from May 20, 1984 until September 30, 1999 in the amount of $53,864.10

   b. Interest on attorney's fees (principal amount from line 2a) compounded annually from July 18, 1995 until September 30, 1999 in the amount of $26,567.40.

The total amount of damages under Count II which Sabato Catucci is ordered to pay to the plaintiff is $304,191.50.